UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ILYA SHAFIR on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

      -against-

CONVERGENT HEALTHCARE
RECOVERIES, INC.

                              Defendant.

---

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Ilya Shafir, brings this action against Convergent Healthcare Recoveries, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Peoria, Illinois.

5. Defendant is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Ilya Shafir

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 2, 2018, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. Within the said letter, the Defendant provided the Plaintiff with his validation rights, including the right to dispute the debt, in writing and request the validity of the debt.

13. The said letter contained more than one address, each one belonging to the Defendant.

14. The consumer was completely left in the dark as to which address to send his or her dispute to.

15. The said letter does not direct the consumer as to which address is for disputes.

16. Said language is deceptive as it leads the least sophisticated consumer to be confused as of his right to dispute the debt with the debt collector.

17. The letter provides the consumer no direction as to how to go about disputing his debt.[1]

18. This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

19. On information and belief, the said letter is a standardized form letter.

20. On information and belief, the Defendant's collection letters, such as the said August 2, 2018 collection letter, number in the hundreds.

21. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) for providing more than one address in its letter, thereby confusing the consumer as to which address to send a dispute to.

22. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

23. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

24. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

25. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

26. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

27. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

28. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of

---

[1] Carbone v. Caliber Home Loans, Inc., 2016 U.S. Dist. LEXIS 138433, *9-11 ("Here, Plaintiff has plausibly alleged that the "above referenced address" is materially misleading. True, the FDCPA does not impose a requirement on the number of addresses listed in a notice of debt. But the issue is that the "above referenced address" in Texas, which is to be used for any written requests, is for return mail only. At the end of the letter, however, the Notice of Debt advises Plaintiff to send any written requests to an Oklahoma address. (*See* Notice of Debt.) It would appear that written requests are directed to an address that only handles return mail. Accordingly, the hypothetical least sophisticated consumer could be confused by the presence of these two addresses. . . Plaintiff's allegations that two addresses are materially misleading are sufficient to plausibly state a claim.")

their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

29. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

30. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## CLASS ALLEGATIONS

31. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. The identities of all class members are readily ascertainable from the records of the Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

33. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant, and all of its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor the Plaintiff's counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is

also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

39. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

42. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-one (41) as if set forth fully in this cause of action.

43. This cause of action is brought on behalf of Plaintiff and the members of a class.

44. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 2, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was

returned by the postal service as undelivered; and (c) Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for providing more than one address, thereby confusing the consumer as to which address to send disputes to.

### Violations of the Fair Debt Collection Practices Act

45. The Defendant' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

46. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
November 15, 2018

                                             /s/ Maxim Maximov
                                          Maxim Maximov, Esq.
                                          Attorneys for the Plaintiff
                                          Maxim Maximov, LLP
                                          1701 Avenue P
                                          Brooklyn, New York 11229
                                          Office: (718) 395-3459
                                          Facsimile: (718) 408-9570
                                          E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                             /s/ Maxim Maximov
                                          Maxim Maximov, Esq.